UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KOSTMAYER CONSTRUCTION, LLC                    CIVIL ACTION

v.                                             NO. 12-2104

IMPALA WAREHOUSING (US) LLC                    SECTION "F"

ORDER AND REASONS

Before the Court is Impala Warehousing (US) LLC's motion for protective order temporarily staying discovery. For the reasons that follow, the motion is GRANTED.

**Background**

This litigation arises from the alleged breach of a construction contract entered into by Impala Warehousing (US) LLC and Kostmayer Construction, LLC.

Pursuant to the terms of their contract, Kostmayer agreed to fabricate and install 19 pilings and to install a fender system and bauxite platform with three walkways at Impala's Burnside Marine Terminal in Darrow, Louisiana. And, in exchange for the construction of the bauxite platform, Impala agreed to pay Kostmayer $1,046,100.00; Impala also agreed to pay an additional $95,000 to expedite Kostmayer's work.

Just three weeks after Kostmayer began construction, Impala became dissatisfied with the pace and quality of Kostmayer's work. On May 31, 2012, Bill Tschoerner (an Impala representative) told

1

Impala that it was terminating the contract. The next day, Tschoerner emailed Kostmayer a Termination Notice; specifically, Impala alleged that Kostmayer persistently failed to provide workmanship and materials that adhered to the strict terms of the contract and further that Kostmayer failed to adhere to the contract's progress schedule. Kostmayer twice sought clarification as to whether it would be provided the opportunity to cure these alleged defects. On June 5, 2012 Impala indicated that Kostmayer would not be afforded the opportunity to cure the defects. Nevertheless, two days later, Kostmayer sent a cure letter to Impala, outlining how it intended to cure the alleged defects. Impala never responded.

On July 5, 2012 Kostmayer sued Impala in Louisiana state court, asserting that Impala breached the parties' contract by wrongfully terminating the contract without first providing Kostmayer an opportunity to cure any defects, as specifically required by the parties' contract. Impala was served with the state court petition on July 19 and, thereafter, timely removed the lawsuit to this Court on August 16, 2012, invoking this Court's diversity jurisdiction. On August 23, 2012 Impala filed its answer along with a counterclaim, alleging that Kostmayer breached several provisions of the contract, which ultimately required Impala to hire and pay a replacement contractor on an expedited schedule.

The same day that Impala filed its answer and counterclaim in

2

this Court, Impala sued Kostmayer in New York state court, seeking damages and costs incurred due to Kostmayer's deficient performance. In the New York case, Impala also requested that Kostmayer be enjoined from proceeding with this Louisiana case, insisting that it was filed in contravention of the contract's forum selection clause, which provides:

> The Parties agree that any suit, action or other legal proceeding by or against any Party with respect to or arising out of the Agreement or any instrument or agreement required hereunder shall be brought exclusively in the United States District Court for the Southern District of New York or the courts of the State of New York, in the City of New York, borough of Manhattan, as the Party instituting such suit, action or other legal proceeding may elect....

Kostmayer removed the New York state case to federal court, where it is now pending in the Southern District of New York. Kostmayer has filed a motion to dismiss the New York case, contending that Louisiana, as the forum for the first-filed suit, is the appropriate forum for the dispute; Kostmayer also contends that Impala has waived its right to enforce the forum selection clause because it did not ask this Court to transfer the Louisiana suit to New York. Impala has opposed the motion, averring that Kostmayer cannot circumvent the forum selection clause by beating Impala to the courthouse; in its opposition papers, Impala urges the New York court to enjoin these Louisiana proceedings. Kostmayer's motion to dismiss the New York case is scheduled for oral argument on December 12, 2012.

3

Meanwhile, on September 4, 2012 counsel participated in a scheduling conference and a scheduling order has been issued in the case pending before this Court: the parties' final pretrial conference is scheduled on April 25, 2012 and a bench trial has been scheduled on May 13, 2012. Kostmayer recently propounded discovery upon Impala, and has indicated that it intends to start scheduling depositions. Impala now requests a protective order, requesting that this Court stay discovery here, pending the Southern District of New York court's resolution of Kostmayer's motion to dismiss.

I.
*A.*

A district court's power to stay proceedings "is incidental to the power in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). If there is "even a fair possibility" that a stay will damage someone else, then the proponent bears the burden of showing "a clear case of hardship or inequity." See id. at 255.

This Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987)(holding that district court properly deferred discovery while

4

deciding whether or not the defendants were proper parties to the case). Additionally, Federal Rule of Civil Procedure 26(c) allows the Court, if good cause is shown, to issue an order to protect a party from "annoyance,...or undue burden or expense"; the Court may enter an order forbidding discovery, or designating the time in which discovery will be allowed. Fed.R.Civ.P. 26(c)(1)(A), (B).

*B.*

Impala contends that merits-discovery is irrelevant and premature in light of the pending motion to dismiss in New York, and insists that it should not be compelled through discovery to waive its objection to a Louisiana forum. Kostmayer counters that a stay of discovery is unwarranted where, as here, both sides agreed to the discovery deadlines and the trial date in the Louisiana litigation; Kostmayer further insists that the New York court's resolution of its motion to dismiss will not affect these proceedings and, in any event, discovery regarding the merits of the dispute is an eventual certainty, regardless of the forum.

Impala has persuaded the Court that a protective order staying discovery, very limited in scope, should issue. First, the Court agrees that discovery on the merits of this breach of contract matter should await a determination of where the merits of the dispute will be heard. Impala insists that it should not have to participate in discovery in a forum it did not contractually

choose;[1] in any event, the issue of the enforceability of the forum selection clause contained in the parties' contract has been fully briefed and no additional discovery is required for determination of that issue, which is set for hearing on December 12, 2012 in New York. If Kostmayer is successful, the New York proceeding may be dismissed. However, Impala contends that if it is successful, and the forum selection clause is enforced, the merits of the parallel lawsuit pending here will be determined in the New York proceeding, and this proceeding will be enjoined.[2]

Second, the parties have agreed that this case does not involve extensive discovery; indeed, this two-party case involves one contract and the seemingly clear-cut issues of its alleged breach and/or wrongful termination. Moreover, nothing that Kostmayer could learn through discovery could affect the resolution of its motion in New York. A temporary stay of discovery will not prejudice or burden Kostmayer.[3]

---

[1] Kostmayer contends, without support, that Impala has waived any objections it has to litigating in this Louisiana forum. The waiver issue has not been fully presented to this Court; any resolution of that issue at this time would be advisory.

[2] Kostmayer contends that even if the New York court denies its motion to dismiss, it does not follow that this Louisiana proceeding will be enjoined. But Impala has requested that the New York court enjoin these proceedings if it finds that the forum selection clause is enforceable.

[3] Of course, if this Court proceeds to resolve the merits of this dispute, and counsel needs additional time to engage in discovery, the Court will consider a request to extend the discovery deadlines contained in this Court's scheduling order.

Finally, and significantly, the requested stay is modest in scope: Impala requests only that discovery be stayed pending the Southern District of New York's resolution of the forum selection clause issue; Impala submits that the issue should be resolved promptly following the December 12, 2012 hearing in New York.[4] Indeed, if the New York court rules that the parties are bound by the forum selection clause (an issue that has not been raised in this Court), then that would obviate any need for the parties to engage in discovery here in Louisiana (and would conserve any judicial resources that might need be expended in resolving any potential discovery disputes here in Louisiana). Accordingly, it is proper to defer discovery in this matter while the New York court determines whether or not New York is the exclusive forum for this parallel litigation. However, to alleviate any concerns Kostmayer might have regarding the indefinite nature of a stay of discovery, the Court will set an ultimate deadline for the expiration of the protective order.

IT IS ORDERED: that Impala's motion for a protective order temporarily staying discovery is hereby GRANTED: discovery is hereby stayed until the New York court resolves the motion to dismiss, currently set for hearing on December 12, 2012. IT IS FURTHER ORDERED: that the protective order shall expire fourteen

---

[4] Impala submits that, during a conference with the New York court, Judge Baer represented that he planned to rule promptly on Kostmayer's motion to dismiss.

7

(14) days after the New York court has rendered judgment on the motion to dismiss.  Finally, so that the stay is not of an indefinite duration, IT IS FURTHER ORDERED: that, if the New York court has failed to rule on Kostmayer's motion to dismiss on or before January 30, 2013, Kostmayer reserves its right to request that the Court lift the temporary stay of discovery.

          New Orleans, Louisiana, December 5, 2012

                        _____
                             MARTIN L. C. FELDMAN
                        UNITED STATES DISTRICT JUDGE