UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KOSTMAYER CONSTRUCTION, LLC                    CIVIL ACTION

v.                                             NO. 12-2104

IMPALA WAREHOUSING (US) LLC                    SECTION "F"

ORDER AND REASONS

Before the Court is Impala Warehousing (US) LLC's motion to stay pending appeal. For the reasons that follow, the motion is DENIED.

**Background**

This litigation arises from the alleged breach of a construction contract entered into by Impala Warehousing (US) LLC and Kostmayer Construction, LLC.

Pursuant to the terms of their contract, Kostmayer agreed to fabricate and install 19 pilings and to install a fender system and bauxite platform with three walkways at Impala's Burnside Marine Terminal in Darrow, Louisiana. And, in exchange for the construction of the bauxite platform, Impala agreed to pay Kostmayer $1,046,100.00; Impala also agreed to pay an additional $95,000 to expedite Kostmayer's work.

Just three weeks after Kostmayer began construction, Impala became dissatisfied with the pace and quality of Kostmayer's work. On May 31, 2012, Bill Tschoerner (an Impala representative) told

1

Impala that it was terminating the contract.  The next day, Tschoerner emailed Kostmayer a Termination Notice; specifically, Impala alleged that Kostmayer persistently failed to provide workmanship and materials that adhered to the strict terms of the contract and further that Kostmayer failed to adhere to the contract's progress schedule. Kostmayer twice sought clarification as to whether it would be provided the opportunity to cure these alleged defects.  On June 5, 2012 Impala indicated that Kostmayer would not be afforded the opportunity to cure the defects. Nevertheless, two days later, Kostmayer sent a cure letter to Impala, outlining how it intended to cure the alleged defects. Impala never responded.

On July 5, 2012 Kostmayer sued Impala in Louisiana state court, asserting that Impala breached the parties' contract by wrongfully terminating the contract without first providing Kostmayer an opportunity to cure any defects, as specifically required by the parties' contract.  Impala was served with the state court petition on July 19 and, thereafter, timely removed the lawsuit to this Court on August 16, 2012, invoking this Court's diversity jurisdiction.  On August 23, 2012 Impala filed its answer along with a counterclaim, alleging that Kostmayer breached several provisions of the contract, which ultimately required Impala to hire and pay a replacement contractor on an expedited schedule.

The same day that Impala filed its answer and counterclaim in

this Court, Impala sued Kostmayer in New York state court, seeking damages and costs incurred due to Kostmayer's deficient performance.  In the New York case, Impala also requested that Kostmayer be enjoined from proceeding with this Louisiana case, insisting that it was filed in contravention of the contract's forum selection clause, which provides:

> The Parties agree that any suit, action or other legal proceeding by or against any Party with respect to or arising out of the Agreement or any instrument or agreement required hereunder shall be brought exclusively in the United States District Court for the Southern District of New York or the courts of the State of New York, in the City of New York, borough of Manhattan, as the Party instituting such suit, action or other legal proceeding may elect....

Kostmayer removed the New York state case to federal court in the Southern District of New York.  Kostmayer filed a motion to dismiss the New York case, contending that Louisiana, as the forum for the first-filed suit, is the appropriate forum for the dispute; Kostmayer also contended that Impala had waived its right to enforce the forum selection clause because it did not ask this Court to transfer the Louisiana suit to New York.  Impala opposed the motion to dismiss the New York lawsuit, averring that Kostmayer cannot circumvent the forum selection clause by beating Impala to the courthouse; in its opposition papers, Impala urged the New York court to enjoin these Louisiana proceedings.  While Kostmayer's motion to dismiss the New York case was pending, Impala requested that this Court issue a protective order to temporarily stay

discovery until the New York court resolved Kostmayer's motion to dismiss.  The Court granted Impala's motion, and determined that the protective order would expire 14 days after the Southern District of New York had resolved the motion to dismiss.  In granting the motion, the Court emphasized that the limited scope of the protective order limiting discovery was significant; in fact, the Court further ordered that if the Southern District of New York had failed to rule on Kostmayer's motion to dismiss by January 30, 2013, Kostmayer reserved its right to request that the Court lift the temporary stay of discovery.

On December 19, 2012 Judge Baer of the Southern District of New York, noting that the Louisiana lawsuit was filed first, determined that neither exception to the first-filed rule was implicated and, notwithstanding the parties' forum selection clause, granted Kostmayer's motion to dismiss the New York action. Impala now asks this Court to stay the Louisiana lawsuit pending its appeal of Judge Baer's order granting Kostmayer's motion to dismiss the New York lawsuit.

> I.
> A.

As this Court previously observed, a district court's power to stay proceedings "is incidental to the power in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which

must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). If there is "even a fair possibility" that a stay will damage someone else, then the proponent bears the burden of showing "a clear case of hardship or inequity." See id. at 255. Relevant factors the Court may consider in determining whether a discretionary stay should be entered include hardship on the movant if no stay is entered, prejudice to the non-moving party if a stay is granted, and judicial economy. See Wedgeworth v. Fireboard Corp., 706 F.2d 541, 545 (5th Cir. 1983). "[B]efore granting a stay pending the resolution of another case," the Fifth Circuit has instructed, "the court must carefully consider the time reasonably expected for resolution of the 'other case' in light of the principle that 'stay orders will be reversed when they are found to be of an indefinite duration.'" Id. (citation omitted).

B.

Impala contends that a stay of this case pending its appeal will conserve judicial resources, avoid unnecessary expense, and preserve Impala's position that Louisiana is not the proper forum to resolve its dispute with Kostmayer. Kostmayer counters that a stay of discovery would prejudice it, given that no discovery could be done until the appeal was resolved and the trial scheduled in this case would be continued until likely sometime next year. Moreover, Kostmayer points out that a reversal of the Southern

District of New York's ruling on the motion to dismiss would not dispose of the Louisiana action, it would simply mean that parallel litigation in New York would go forward.[1]

The Court finds that a stay is not warranted.  First, the Court acknowledges Impala's concern that they will be forced to litigate in a forum that was not their chosen forum.  However, Impala has requested no relief invoking the forum selection clause in this Court, and has not suggested that the Southern District of New York court's grounds for granting Kostmayer's motion to dismiss the New York litigation were unsound or contrary to law.  Second, the Court finds that Kostmayer's concern that it will be prejudiced if the Court grants a stay has some merit, given that discovery will be stalled indefinitely (considering the case is not proceeding in New York either, in light of the dismissal) and the risk that evidence will be lost and the trial schedule and related

---

[1] Kostmayer suggests that, during oral argument before Judge Baer, before acknowledging that the Louisiana litigation had been removed to this Court, Impala's New York counsel appeared concerned about its ability to get a fair trial in Louisiana:

> Well, your Honor, this case was originally brought -- I mean talking about practice -- and I certainly don't wish to impugn the integrity of any court in any jurisdiction in the world, certainly not in the United States, but this case was originally brought in a bayou in Louisiana.  I have no idea what the justice is in that system, and I am not suggesting that there would be anything untoward, but what I am saying is that it might be a consideration....

deadlines will be upset, also indefinitely.

Finally, and most compelling, Impala has not endeavored to suggest how long it might take the Second Circuit to resolve the appeal and, if Impala is unsuccessful, whether it will then attempt to appeal to the U.S. Supreme Court.[2]  Thus, contrary to Impala's suggestion, its request for a stay is ostensibly a request for an indefinite stay.  Unlike the prior request by Impala to stay discovery until the Southern District of New York heard and decided Kostmayer's motion to dismiss (a request that was tied to a scheduled hearing in New York and this Court's outer deadline in the event the motion in New York was not resolved as promptly as submitted), Impala's present request suggests no time reasonably expected for resolution of the appeal by the Second Circuit.  The Court refuses to sacrifice judicial economy and risk prejudicing Kostmayer by staying this matter indefinitely.

Accordingly, Impala's motion to stay pending appeal is DENIED.


New Orleans, Louisiana, February 5, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] Even if Impala succeeds on appeal, it is unclear at this time how that will impact this parallel litigation.